IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DIANE LAZAR,<br><br>     Defendant. | Case No. 1:20-cr-00078<br><br>Judge Charles R. Norgle |

## ORDER

Defendant's Motion for Leave to Permit Attorney Patrick Blegen to File His Appearance as Additional Counsel [60] is denied.

## STATEMENT

  According to the indictment, Defendant was a licensed insurance agent who unlawfully obtained money from various insurance companies. She fraudulently obtained the following from her scheme: (1) $6,300 in commissions from Mutual of Omaha regarding a November 2008 transaction; (2) $1,200 in commissions from Mutual of Omaha regarding a May 2011 transaction; (3) $9,400 in commissions from Midland regarding an October 2011 transaction; (4) $1,000 in commissions from Sagicor regarding a January 2013 transaction; (5) $10,000 in commissions from Sagicor regarding an April 2013 transaction; and (6) approximately $100,000 from the PNC bank account of another. Dkt. 1 at 3-4, 8. Further, Defendant allegedly attempted to collect on another's life insurance policy and annuities. Id. at 9-10. "The property to be forfeited [by Defendant] includes, but is not limited to: a personal money judgment in the amount of approximately $101,140." Id. at 15.

  Lisa Wood was appointed as counsel in this case on Septebmer 29, 2020. Dkt. 27. Approximately fifteen months later, on December 27, 2021, Defendant moved the Court for appointment of additional counsel, representing that this case was an "extremely difficult" one warranting additional counsel pursuant to Section 3D of the CJA Plan for the Northern District of Illinois ("CJA Plan"). Dkt. 56 at 2; see CJA Plan, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, Jan. 14, 2022.[1] Defendant requested that attorney Patrick Blegen be appointed, noting that her counsel had "been in contact" with attorney Blegen. The Court, accepting Defendant's representations, granted the motion for an additional attorney but ordered that the appointment of additional counsel be carried out pursuant to the systematic distribution of cases. See CJA Plan at 10 ("assignments shall be made in a fair and systematic manner" and "[e]very effort shall be made to ensure that counsel is appointed as expeditiously as possible, that *appointments are equitably distributed* and that information on availability of counsel is

---

[1] https://www.ilnd.uscourts.gov/Pages.aspx?page=cjaplan.

1

maintained.") (emphasis added). The Court stated:

> Defendant's ex parte motion to appoint additional counsel under the CJA [56] is granted. Given the voluminous discovery and the expected length of the approaching trial, this case may be difficult for a single attorney to handle alone. However, the Court will not permit Defendant's present attorney or the Defendant personally to select the additional appointed attorney. "[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them." United States v. Gonzalez-Lopez, 548 U.S. 140, 151, 126 S. Ct. 2557, 2565, 165 L. Ed. 2d 409 (2006). Every attorney on the CJA panel has met the necessary qualifications and is presumptively well suited to represent the Defendant. As a practical matter, the attorneys on the panel stand in line to await their turn for appointment whereas full time staff attorneys take their direction from the head of the program. This basic procedure for the systematic distribution of cases maintains the high standards of the program in the Northern District of Illinois, which has received national recognition and has served as a model for other programs. Departure from this procedure places those high standards in jeopardy, especially in cases like this one where Defendant and her counsel have requested that an attorney who appears to have a previous professional relationship with current counsel be added as additional appointed counsel. The Court directs the Clerk to take all necessary steps to appoint a second attorney in this matter pursuant to the ordinary procedures for attorney selection under the CJA. The Clerk shall also send a copy of this Order to the head of the Federal Defender Program.

Dkt. 57.

Defendant now asks the Court to reconsider that Order, and allow Patrick Blegen—the attorney who she originally requested be added as counsel—to file an appearance. Noteworthy, however, is the fact that the present motion is not Blegen's motion for appointment. The motion is brought by defense counsel Wood, who was recently an associate attorney in Blegen's law firm. United States v. Johnson, 874 F.3d 990 (7th Cir. 2017). With her present motion, Defendant attaches correspondence with the Federal Defender in which the Federal Defender states, "We have assigned Pat Blegen to be second counsel in this case." Dkt. 60-1; see dkt. 60 at 2 ("Mr. Murphy reached out to counsel and confirmed that the Court was correct, and that appointments must be made by the Federal Defender Program.").

Defendant and the Federal Defender oversimplify the Court's statement and miss the thrust of the Court's previous Order. Defendant asserts that the Federal Defender "concurred that CJA Attorney Patrick Blegen would be an appropriate CJA attorney for the case[.]" Dkt. 60 at 2. This confuses the issue. It is not that counsel is unqualified or incapable of sufficiently assisting in this relatively simple—though time consuming—insurance fraud case. The Court must ensure that appointments through the CJA program are "equitably distributed." CJA Plan at 10. In "a case

2

where an appointed attorney seeks to withdraw, or a case requiring a specific expertise or experience," it is the Federal Defender Program that should "be responsible for assigning the case to a specific staff or Panel attorney"—not defendants or defense counsel. Id. at 11. Otherwise, the preferences of defendants and their counsel may risk the equitable distribution of assignments in this Court's highly regarded CJA program. "[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them." United States v. Gonzalez-Lopez, 548 U.S. 140, 151, 126 S. Ct. 2557, 2565, 165 L. Ed. 2d 409 (2006).

For the foregoing reasons, Defendant's motion is denied. The Federal Defender is ordered to appoint other additional counsel, who should file an appearance expeditiously.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: January 18, 2022

3